**Barbara GARDNER, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (GENESIS HEALTH VENTURES), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided Jan. 15, 2003.

Annabelle R. Cedar, Philadelphia, for petitioner.

Timothy P. Bulman, Paoli, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

Barbara Gardner (Claimant) petitions for review of the August 1, 2002, order of the Workers' Compensation Appeal Board (WCAB), which reversed the decision of a workers' compensation judge (WCJ) to deny the Petition for Physical Examination or Expert Interview of Employee (Petition) filed by Genesis Health Ventures (Employer). We reverse.

Claimant was injured in a work-related accident on October 2, 1996. As of October 2, 1998, Claimant had received 104 weeks of temporary total disability benefits. On June 13, 2001, Employer requested an independent impairment rating evaluation (IRE). However, Claimant objected to the request because it was not

made within sixty days of the date on which Claimant received 104 weeks of temporary total disability benefits. (WCJ's Findings of Fact, No. 1; Stipulation of Facts, Nos. 1–4.)

On August 10, 2001, Employer filed its Petition, and a hearing was held on the matter. The WCJ denied the Petition based on section 306(a.2)(1) of the Workers' Compensation Act (Act)[1] (emphasis added), which states:

> When an employe has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which *shall be requested* by the insurer *within sixty days upon the expiration of the one hundred four weeks* to determine the degree of impairment due to the compensable injury, if any.

Employer filed an appeal with the WCAB, which reversed the WCJ's decision based on the regulation at 34 Pa.Code § 123.102(f), which states:

> Consistent with section 306(a.2)(6) of the [A]ct (77 P.S. § 511.2), the insurer's failure to request the evaluation during the 60–day period subsequent to the expiration of the employe's receipt of 104 weeks of total disability benefits may not result in a waiver of the insurer's right to compel the employe's attendance at an IRE.

Section 306(a.2)(6) of the Act, 77 P.S. § 511.2(6) (emphasis added), provides as follows:

> *Upon request* of the insurer, the employe shall submit to an independent medical examination *in accordance with the provisions of section 314* to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

Briefly, section 314(a) of the Act states that, at "any time" after an injury, if so requested by an employer, an employee must submit at some reasonable time and place for a physical examination by an appropriate health care provider selected and paid for by the employer.[2] 77 P.S. § 651(a). Claimant now petitions this court for review of the WCAB's decision.[3]

■ Claimant argues that the WCAB erred in concluding that Employer's failure to request an IRE within sixty days of the expiration of 104 weeks of total disability benefits does not preclude Employer from requesting an IRE outside the sixty-day period. We agree.

Section 306(a.2) of the Act provides a special procedure for determining whether a claimant who has received 104 weeks of total disability benefits should continue receiving total disability benefits or should begin receiving partial disability benefits. The determination is based on the claim-

---

1. Act of June 2, 1915, P.L. 736, *added by* section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1).

2. One member of the WCAB filed a dissenting opinion, stating that the regulation is inconsistent with the statute and noting that Employer may request that Claimant submit to an independent medical evaluation pursuant to section 314 of the Act, 77 P.S. § 651, and seek to modify Claimant's benefits based on

job availability or a change in Claimant's earning power.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

ant's degree of impairment as found under the most recent edition of the American Medical Association's "Guides to the Evaluation of Permanent Impairment." 77 P.S. § 511.2(2). If the claimant undergoes an IRE and receives an impairment rating equal to or greater than fifty per centum, the claimant shall be presumed to be totally disabled and shall continue to receive total disability benefits.[4] *Id.* If the claimant receives an impairment rating less than fifty per centum, the claimant begins receiving partial disability benefits after sixty days notice of the modification.[5] *Id.*

█ The IRE procedure begins as stated in section 306(a.2)(1) of the Act. A claimant who has received 104 weeks of total disability benefits shall be required to submit to a medical examination "which *shall be requested* by the insurer *within sixty days* upon the expiration of the one hundred four weeks."[6] 77 P.S. § 511.2(1) (emphasis added). This language is clear and unambiguous.[7] There must be a request within sixty days of the 104–week period to trigger the IRE process. This means that, under section 306(a.2)(6) of the Act, *when the insurer has initiated the procedure in a timely manner and has not obtained a claimant impairment rating less than fifty per centum,*[8] the insurer may seek *additional* independent medical examinations under section 314 of the Act to obtain an IRE, but no more than two

4. Total disability benefits shall continue until it is adjudicated or agreed that total disability has ceased or the claimant's impairment rating is less than fifty per centum. Section 306(a.2)(5) of the Act, 77 P.S. § 511.2(5).

5. Generally, when a claimant's benefits are modified to partial disability benefits, the amount of compensation is not changed during the 500–week period of partial disability. Section 306(a.2)(3) of the Act, 77 P.S. § 511.2(3). A claimant, however, may appeal the change to partial disability benefits during the 500–week period. Section 306(a.2)(4) of the Act, 77 P.S. § 511.2(4).

6. It is apparent that the IRE request is made pursuant to section 314 of the Act because section 314(b) of the Act specifically refers to section 306(a.2)(1) of the Act, stating that, where an employer requests an examination "in relation to section 306(a.2)(1), such examination shall be performed by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is in active clinical practice for at least twenty hours per week." 77 P.S. § 651(b).

However, it is equally apparent that the portion of section 314(a) of the Act which states that an employer may request a physical examination at "any time" after an injury does *not* apply to an IRE request under section 306(a.2)(1) of the Act, which requires that the request be made within sixty days of the 104–week period. 77 P.S. §§ 511.2(1), 651. Indeed, when a general provision is in conflict with a special provision in the same statute, and the conflict is irreconcilable, the special provision shall be construed as an exception to the general provision. Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933. Thus, an employer may request a physical examination at "any time" after an injury *unless* the employer is seeking an IRE, in which case the employer must initially request the examination within sixty days of the 104–week period.

7. *See* section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b) (stating that, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit).

8. Contrary to the regulation at 34 Pa.Code § 123.102(f), section 306(a.2)(6) of the Act does *not* state that an insurer may request an IRE when the insurer has failed to request one within sixty days under section 306(a.2)(1). Such a reading of section 306(a.2) of the Act would render the sixty-day requirement meaningless. To the extent that the regulation at 34 Pa.Code § 123.102(f) is contrary to section 306(a.2) of the Act, the regulation is invalid. *See Faix v. Department of Public Welfare,* 92 Pa.Cmwlth. 383, 499 A.2d 411 (1985).

during a twelve-month period. 77 P.S. § 511.2(6).

Here, Employer did *not* request that Claimant submit to a medical examination within sixty days of the expiration of the 104–week period. Therefore, Employer is precluded from seeking an IRE under section 306(a.2) of the Act in order to modify Claimant's total disability benefits to partial disability benefits based on Claimant's degree of impairment.[9]

Accordingly, we reverse.

### ORDER

AND NOW, this 15th day of January, 2003, the order of the Workers' Compensation Appeal Board, dated August 1, 2002, is hereby reversed.

### DISSENTING OPINION BY Judge COHN.

Respectfully, I dissent. I do not believe, as the majority concludes, that an insurer is precluded from ever requesting an impairment rating evaluation (IRE) if one is not requested within the 60–day time period set forth in Section 306(a.2)(1) of the Act. Rather, I believe that the various sections of the Act at issue in this case contemplate two separate instances when an insurer may request a medical examination of the claimant to determine the status of impairment.

The first instance is after a claimant receives 104 weeks of disability, provided, however, the request is made within 60 days "upon the expiration of the one hundred four weeks." If an insurer requests an IRE outside the 60–day time limit, it would be precluded from changing total benefits to partial under Section

306(a.2)(1). However, I disagree with the majority that, if an insurer fails to make the request at this time, it is precluded from *ever* obtaining an IRE, a necessary step to reducing benefits from total to partial.

There is also a second instance where an IRE may be requested. Under Section 306(a.2)(6), an employer may request an independent medical examination *at any time* after the injury pursuant to Section 314 "to determine the status of impairment." Section 314 allows an employer to request a physical examination *at any time* after an injury, provided a claimant is not required to undergo more than two examinations in a 12–month period; there is no indication that this broad provision is to be conditional upon an earlier request. To give effect to the broad language of Section 306(a.2)(6) of the Act, an employer must be allowed to request the medical examination at any time, and the purpose of the examination can be, *inter alia*, to reassess the impairment rating, irrespective of how long it has been since the 104 weeks, referred to in subsection (a.2)(1), have passed.

Under the majority view, an insurer may determine that an evaluation of impairment at 104 weeks is not necessary because it is clear that a claimant's impairment is greater than 50%. However, a claimant may steadily improve after that time period, and an insurer may, at that point, determine that an evaluation is necessary to determine a claimant's status. Under the majority's holding, the insurer would not be able to do so because it did not request that the claimant submit to an unnecessary medical examination within 60 days of the receipt of 104 weeks of disabili-

---

9. However, at any time, Employer may request that Claimant submit to a medical examination under section 314 of the Act in order to modify Claimant's total disability benefits to partial disability benefits based on a change in Claimant's medical condition and earning power. *See* 77 P.S. § 651.

ty. The legislative intent of the Act would be frustrated. The purpose behind this statute, enacted as an amendment to the Act in 1996, was to reduce the rising costs of workers' compensation and restore efficiency to the workers' compensation system. Torrey and Greenberg, *Workers' Compensation Law and Practice*, Section 15:10 at 294. To compel an insurer to request, pay for, and have a claimant undergo an unnecessary medical examination at the expiration of the 104–week period would undermine the purpose of the legislation. It is important to keep in mind the fluid, ongoing nature of workers' compensation proceedings. The majority's interpretation of the Act, requiring that an employer request an examination within 60 days of the receipt of 104 weeks of disability or be forever barred, creates a hypertechnical requirement not intended by the legislature. Consequently, I would affirm the Board.