**Paul DOWHOWER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CAPCO CONTRACTING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 2002.

Decided May 13, 2003.

As Amended June 18, 2003.

Reargument Denied June 30, 2003.

Jason M. Weinstock, Harrisburg, for petitioner.

R. Burke McLemore, Jr., for respondent.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Paul Dowhower (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that reversed the decision of the Workers' Compensation Judge (WCJ). The WCJ found that Capco Contracting, Inc. & ITT Hartford (Insurer) filed its impairment rating evaluation request in an untimely manner. We affirm the Board.

On September 13, 1996, Claimant suffered a work-related injury. On May 29, 1998, the WCJ issued an order awarding Claimant total disability benefits commencing April 18, 1997. Claimant returned to work for a period of time but later began receiving total disability benefits.

On May 20, 1999, Insurer filed a petition requesting that a physician be designated to perform an impairment rating evaluation (IRE) on Claimant in accordance with Section 306(a.2)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.2(1).[1] The petition alleged that Claimant had received total disability benefits for 104 weeks as of April 14, 1999. On July 21, 1999, the Bureau of Workers' Compensation (Bureau) appointed Si Van Do, M.D. (Dr. Van Do) to conduct the IRE.

On September 1, 1999, Dr. Van Do performed the initial IRE on Claimant. Dr.

---

1. Section 306(a.2) of the Act provides,

   (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination *which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.* The degree of impairment shall be determined based upon an

   evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

   77 P.S. § 511.2(1) (emphasis added).

Van Do found an impairment rating of 10%. Section 306(a.2)(2) of the Act provides that if the impairment rating falls below 50%, then a claimant is no longer entitled to collect total disability benefits but qualifies for partial disability benefits.[2] Because Dr. Van Do found an impairment rating of 10%, Insurer filed a Notice of Change of Workers' Compensation Disability Status on October 1, 1999, requesting that Claimant's total disability be reduced to partial disability. In response, on October 29, 1999, Claimant filed a Petition to Review Compensation Benefits alleging, among other things, that the timing of Insurer's request for an IRE violated the Act.

After conducting a hearing, the WCJ issued a decision granting Claimant's petition. The WCJ found that the 104 weeks of total disability expired on July 23, 1999,

rather than April 14, 1999, as alleged in Insurer's IRE petition. Finding of Fact No. 2. The WCJ concluded that Section 306(a.2)(1) of the Act did not permit Insurer to request the IRE until after expiration of the claimant's 104 weeks of total disability. WCJ's Opinion at 2. Because Insurer filed its request prior to the expiration of the 104–week period, the WCJ found the request to be untimely and, therefore, invalid. Insurer appealed the WCJ's decision to the Board.[3]

■ The Board reversed the WCJ's decision, reasoning that "there is no need to reach the merits of these issues because Claimant has already attended the IRE in question." Board Opinion at 2. As a result, the Board found that Claimant waived any dispute as to the timeliness of Insurer's IRE request.[4] Claimant then petitioned for this Court's review.[5]

2. Section 306(a.2)(2) of the Act provides,
   (2) *If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment* under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," *the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits* under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given. 77 P.S. § 511.2(2) (emphasis added).

3. As a result of the WCJ's April 6, 2000 decision, Insurer filed another petition requesting a second IRE. On September 18, 2000, the WCJ granted Insurer's request and ordered the Bureau to arrange an examination. WCJ's September 19, 2000 Opinion at 2. Claimant appealed this decision to the Board.
   Thereafter, Insurer filed a petition to compel Claimant to attend the second IRE. On

October 3, 2000, the WCJ granted Insurer's petition, and Claimant appealed. In accordance with the WCJ's October 3, 2000 decision, the Bureau arranged a second IRE on November 22, 2000. Claimant, however, advised Insurer, through counsel, that he did not plan to attend it because Dr. Van Do was not selected to perform the examination. On the same day, Insurer filed a petition to suspend compensation benefits until Claimant agreed to attend the IRE. After a hearing on the petition, the WCJ refused to grant the petition to suspend benefits, reasoning that he did not have jurisdiction over the case in light of the other appeals to the Board. WCJ's March 21, 2001 Opinion at 1. Insurer appealed this decision to the Board.

4. As for the remaining three appeals mentioned in note 3, the Board concluded that they were moot in light of its decision on the initial appeal. These issues were not raised before this Court.

5. On appeal, the standard of review of a Board order is limited to determining whether there has been a constitutional violation, or an error of law, or a violation of Board procedure, and whether necessary findings of fact are supported by substantial evidence. *Pieper*

On appeal, Claimant contends that the Board erred in concluding that Claimant waived his right to object to the timeliness of Insurer's IRE petition by complying with the request. The purpose of the waiver rule is to give the WCJ an opportunity to correct any errors that may have occurred in the proceeding. *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (Pa.1987). By raising the timeliness issue before the WCJ, Claimant gave the WCJ an opportunity to rule on the merits. Claimant waited until after obtaining the results of the IRE to object to the timeliness of Insurer's request, but Claimant was not aggrieved until Insurer sought to change his benefits from total to partial. Further, Claimant had to attend the IRE or face the possibility of having his benefits suspended. *See* 34 Pa.Code § 123.102(h).[6] The Board erred in concluding that Claimant waived his challenge to the timeliness of Insurer's IRE petition by attending the examination.

Claimant contends that Section 306(a.2)(1) of the Act mandated that Insurer file the IRE petition after Claimant had received total disability benefits for 104 weeks. Because Insurer made the IRE request before the expiration of the 104–week period, Claimant argues that the Board should have voided the IRE. We disagree.

Section 306(a.2)(1) of the Act provides, in relevant part, as follows:

> When a[] [claimant] has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the [claimant] shall be required to submit to a medical examination which *shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks* to determine the degree of impairment due to the compensable injury, if any.

77 P.S. § 511.2(1) (emphasis added).[7] Section 306(a.2) of the Act seeks to balance the interests of both employers and claimants. It guarantees to claimants a minimum of 104 weeks of total disability, and it protects claimants from incessant IREs by permitting no more than two IREs in a 12–month period.[8] Section 306(a.2)(6) of the Act, 77 P.S. § 511.2(6). In addition, it protects claimants from dilatory conduct on the part of the insurer by placing a time limit on when an IRE petition can be filed.[9] On the other hand, Section 306(a.2)

---

*v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990).

6. It states:

> The employe's failure to attend the IRE under this section may result in a suspension of the employe's right to benefits consistent with section 314(a) of the act.

34 Pa.Code § 123.102(h)

7. *See supra* note 1 for full text.

8. Section 306(a.2)(6) provides,

> (6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

77 P.S. § 511.2(6) (footnote omitted).

9. In *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth. 2003), this Court recently held that the insurer must make the IRE request within 60 days of the expiration of the 104 weeks. In *Gardner*, insurer requested the IRE on June 13, 2001. Claimant had received 104 weeks of temporary total disability benefits as of October 2, 1998. Insurer waited over two years from the end of the 104–week period before making its IRE request in violation of the language of Section 306(a.2) which requires the request to be made no later than 60 days after the 104–week period.

Here, however, Insurer made its request prior to commencement of the 60 day period

permits a reduction in benefits at the expiration of the 104–week period, and it requires the claimant to attend an IRE when the insurer the makes the request.[10]

■ Considering the statutory provision in its entirety, it seems clear that the insurer must request the IRE no later than day 61 after expiration of the 104 weeks. However, the IRE cannot be used to terminate total disability benefits earlier than 104 weeks.

Here, Insurer requested the IRE *prior* to the expiration of the 104–week term, which was before day 61 after Claimant's 104–week period of collecting total disability payments. Claimant was not prejudiced by the timing of Insurer's filing of the IRE request. *See Beneficial Finance Consumer Discount Co. v. Commonwealth,* 120 Pa.Cmwlth. 504, 548 A.2d 1334, 1336 (1988) (noting that an absence of prejudice bears upon the proper construction of the statute). Further, the IRE did take place after expiration of the 104–week period, and this complies with the requirements of Section 306(a.2)(1). If Claimant disagreed with the outcome of the IRE, Section 306(a.2)(4) allows him to appeal the change of partial disability at any time during the 500–week period of partial disability.[11] Thus, Claimant is not without an adequate remedy. For these reasons, we hold that

the IRE requested by the insurer was not made in an untimely manner.

Accordingly, we affirm the decision of the Board, but we do so on different grounds.

### ORDER

AND NOW this 13th day of May, 2003, the order of the Workers' Compensation Appeal Board dated June 13, 2002, in the above-captioned matter is hereby affirmed.

DISSENTING OPINION BY Judge PELLEGRINI.

I respectfully dissent from the majority's decision because it is contrary to our recent decision in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures),* 814 A.2d 884 (Pa. Cmwlth.2003), that the time provisions contained in Section 306(a.2)(1) of the Workers' Compensation Act (Act)[1] are mandatory and not discretionary. Because ITT Hartford (Insurer) failed to timely file its request for an impairment rating exam (IRE), the results of that exam should not have been used to reduce Paul Dowhower's (Claimant) total disability benefits to partial disability benefits.

In this case, Claimant was injured at work and, pursuant to a Workers' Com-

---

following the 104–week period. Thus Insurer did not make its request late as the claimant did in *Gardner,* it made its request early.

**10.** *See supra* note 1 for full text.

**11.** Section 306(a.2)(4) provides,
(4) An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."
77 P.S. § 511.2(4).

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.2(1). That section provides:

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

pensation Judge's (WCJ) order dated May 29, 1998, began receiving total disability benefits commencing on April 18, 1997. Because he returned to work for a period of time, he received partial disability benefits, but he left work again due to his disability and once again began receiving total disability benefits. On May 20, 1999, Insurer for Claimant's Employer, Capco Contracting, Inc., requested that an IRE be performed on Claimant in accordance with Section 306(a.2)(1) of the Act. The IRE was conducted on September 1, 1999, and because an impairment rating of 10% was found by the physician, pursuant to Section 306(a.2)(2) of the Act,[2] Insurer filed a notice with the Board requesting that Claimant's total disability benefits be reduced to partial benefits. Claimant filed a petition to review his benefits, arguing that the timing of Insurer's request for an IRE violated the Act.

By order dated April 6, 2000, the WCJ found that based on evidence that Claimant submitted regarding his receipt of total disability benefits which showed that he had periods of partial disability interspersed with his receipt of total disability benefits, the 104 weeks of benefits actually expired on July 23, 1999, rather than on April 14, 1999, as alleged in Employer's petition, and concluded that Section 306(a.2)(1) of the Act did not allow an insurer to request an IRE until after the expiration of the 104 weeks of benefits. Because the WCJ denied Insurer's request as untimely, Insurer appealed to the Board which reversed, finding that the issue was waived because an exam had already taken place.

On appeal, Claimant argues not only that the issue is not waived, but that Section 306(a.2)(1) of the Act mandates that an insurer file the IRE petition *after* a claimant has received total disability benefits for 104 weeks, and because Insurer filed its petition prior to him receiving 104 weeks of total disability benefits, the IRE should have been disregarded. The majority, however, disagrees with Claimant, finding that the language in Section 306(a.2)(1) of the Act is not mandatory that an insurer file its petition within 60 days after the 104 weeks of benefits has been received, but, inexplicably, allows an insurer to request an IRE "no later than day 61 after expiration of the 104 weeks." (Slip opinion at 6.) I dissent because this Court in *Gardner* most recently held that the word "shall" in Section 306(a.2)(1) of the Act makes it *mandatory* for an employer to request an IRE within 60 days from the expiration of the 104 weeks of total disability benefits received by the claimant, not 61 days.

While we were not faced in *Gardner* with a situation where an insurer filed its request for an IRE prior to the expiration of benefits, we, nonetheless, determined that the language in Section 306(a.2)(1) was clear and unambiguous. The General Assembly, by clear and unambiguous language, only provided that a medical exam

---

**2.** 77 P.S. § 511.2(2). That section provides in relevant part:

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

could only be requested during a 60–day window. Not only did we hold that language was clear and unambiguous, but to interpret the language as the majority does would make the statute read "the employee shall be requested by insurer at any time upon the expiration of one hundred and eleven and ½ weeks." Because the statute does not provide any exception for a mistake in the date the claimant began receiving benefits, I dissent from the majority's decision and would reverse the Board.