**WAL–MART STORES, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (RIDER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 2003.

Decided Dec. 9, 2003.

Anthony T. Colangelo, Pittsburgh, for petitioner.

Ralph D. Oyler, Gettysburg, for respondent.

BEFORE: FRIEDMAN, Judge and COHN, Judge and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Wal–Mart Stores, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board), affirming the decision of the Workers' Compensation Judge (WCJ), granting the reinstatement petition filed on behalf of Leroy Rider (Claimant). We now reverse.

Employer employed Claimant as a truck driver since 1993. In the course and scope of his employment on July 31, 1998, Claimant sustained an injury to his neck. Claimant reported the incident to Employ-er. Employer thereafter referred Claimant to a chiropractor. Claimant also treated with his family physician. After receiving several chiropractic treatments, Claimant's condition initially improved and he continued working. However, the improvement was not long lasting.

Claimant was eventually diagnosed with a cervical disc rupture at C5–6 and C6–7. Claimant ceased working on October 21, 1998, due to pain in his neck. Claimant thereafter underwent surgery to remove his herniated discs and to stabilize his spine. In November of 1998, Claimant filed a claim petition against Employer alleging that his work injury rendered him totally disabled as of October 21, 1998. Employer filed an answer essentially denying the allegations of Claimant's petition. The case proceeded with hearings before the WCJ. Ultimately, the WCJ issued a decision and order dated December 16, 1999, granting Claimant's claim petition and awarding him total disability benefits beginning October 21, 1998, and continuing indefinitely.[1]

Employer appealed to the Board. The Board vacated the WCJ's decision and remanded the case to the WCJ in order to consider and render findings regarding the deposition testimony of Employer's medical expert which the Board found was appropriately submitted by Employer. The Board specifically directed the WCJ to consider Employer's medical evidence and author a reasoned decision.

On remand, the WCJ followed the order of the Board and considered Employer's medical evidence. Nevertheless, in a decision and order dated November 21, 2001, the WCJ reached the same conclusions and again granted Claimant's claim peti-

1. The WCJ also awarded Claimant attorney fees based on his finding that Employer's con-test of the matter was not reasonable.

tion. Once again, the WCJ concluded that Claimant was entitled to ongoing total disability benefits as of October 21, 1998. Employer did not appeal this decision to the Board.

Instead, less than one month after the WCJ's decision, on December 10, 2001, Employer filed a request with the Bureau of Workers' Compensation (Bureau) for designation of a physician to perform an impairment rating evaluation (IRE).[2] The Bureau appointed Earl J. Wenner, D.O., to conduct the impairment rating examination. Dr. Wenner conducted an examination of Claimant on January 8, 2002. Following the examination, by notice dated January 11, 2002, Dr. Wenner issued a determination finding Claimant's percentage of impairment rating to be 26%. Employer then sent Claimant a notice dated January 17, 2002, advising Claimant of a change in his workers' compensation disability status from total to partial.[3]

Two weeks later, on January 31, 2002, Claimant filed a petition to reinstate his total disability status, alleging that Employer had violated Section 306(a.2) of the Act by failing to request an IRE within sixty days of the expiration of 104 weeks. Employer filed an answer denying the allegation of Claimant's petition. The case

was assigned to the WCJ and proceeded with a hearing. As the dispute focused solely on a legal issue, the parties did not present testimony. Instead, the parties submitted several exhibits into evidence relating to the history of this case, including the prior WCJ and Board decisions. The parties then presented their respective briefs to the WCJ.

Ultimately, the WCJ issued a decision and order granting Claimant's reinstatement petition. The WCJ concluded that Employer had not in fact requested the IRE in a timely fashion, i.e., within sixty days of the expiration of 104 weeks. The WCJ calculated these 104 weeks beginning October 21, 1998. Hence, the WCJ concluded that this time period expired as of October 21, 2000, and that Employer had until December 20, 2000, to file its IRE request. The WCJ noted that Employer did not file its request until December 10, 2001. In reaching these conclusions, the WCJ held that the fact that Claimant's case was on appeal to the Board was irrelevant in computing the time period for requesting an IRE.[4] Employer appealed to the Board and the Board affirmed.

On appeal to this Court,[5] Employer argues that the WCJ and the Board erred as

---

**2.** Section 306(a.2)(1) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended, added by* Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1), provides that "[w]hen an employe has received total disability compensation . . . for a period of one hundred four weeks, . . . the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any."

**3.** Section 306(a.2)(2) of the Act provides that if an impairment determination is less than 50%, the employee's disability status shall be changed from total to partial. 77 P.S. § 511.2(2). However, this change in status

does not affect the amount of compensation payable to the employee. *See* Section 306(a.2)(3) of the Act, 77 P.S. § 511.2(3).

**4.** The WCJ noted that the Board's decision vacating his initial decision on Claimant's claim petition and remanding the case was not issued until June 6, 2001.

**5.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We acknowledge our Supreme Court's decision in *Leon E. Wintermyer, Inc. v. Workers'*

a matter of law in concluding that its IRE request was untimely. We agree.

As noted above, the IRE provisions of the Act are found in Section 306(a.2). Section 306(a.2)(1) of the Act provides, in pertinent part, as follows:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

77 P.S. § 511.2(1).

As the above Section plainly states, the sixty-day time period for requesting an IRE does not begin to run until the claimant/employee "has received" total disability benefits for a period of 104 weeks. The WCJ's initial decision and order awarding Claimant total disability benefits was dated December 16, 1999. However, Employer appealed the WCJ's decision and, although not entirely clear in the evidence of record, it appears that Employer was granted a supersedeas with respect to payment of these benefits pending its appeal to the Board. The Board later vacated the WCJ's decision and order and remanded the case for further findings.

On remand, the WCJ again awarded Claimant total disability benefits pursuant to a decision and order dated November 21, 2001. Employer did not appeal this decision of the WCJ. Instead, it appears that Employer proceeded to pay Claimant total disability benefits retroactive to October 21, 1998, i.e., a period of approximately

160 weeks. Hence, the earliest possible date that Claimant could have "received" his benefits was November 22, 2001. Approximately twenty days later, on December 10, 2001, Employer filed a request with the Bureau for designation of a physician to perform an IRE. We cannot agree with the WCJ and the Board that such request was untimely.

We note that in his brief to this Court, Claimant relies heavily on our recent decision in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth.2003), wherein we held that an employer's failure to request an IRE within sixty days of the expiration of the claimant's 104 weeks of total disability benefits precluded the employer from seeking the same under Section 306(a.2) of the Act. The Board also relied on *Gardner* in affirming the WCJ's decision granting Claimant's reinstatement petition. However, any reliance on *Gardner* is misplaced.

In *Gardner*, there was no dispute as to the claimant's entitlement to total disability benefits during the 104–week period. The claimant in that case was injured on October 2, 1996, and, as of October 2, 1998, had received 104 weeks of total disability benefits. However, employer did not file its IRE request until June of 2001, more than two and a half years after the expiration of the 104 weeks. The focus in *Gardner* concerned the employer's allegations of inconsistencies between Section 306(a.2) of the Act and other Sections as well as the Bureau's regulations.

Our holding in *Gardner* was premised upon what we described as the "clear and unambiguous" language of Section

---

Compensation Appeal Board (Marlowe), 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an

appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Wintermyer*, 571 Pa. at 203, 812 A.2d at 487.

306(a.2). *Gardner*, 814 A.2d at 886. Moreover, in *Gardner*, we indicated that the mandatory IRE procedures contained in Section 306(a.2) of the Act only affect "[a] claimant who **has received** 104 weeks of total disability benefits...." *Id.* (Emphasis added). As noted above, in this case, Claimant had not "received" his 104 weeks of total disability benefits until after the WCJ rendered a final decision as to Employer's liability on November 21, 2001.

Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 9th day of December, 2003, the order of the Workers' Compensation Appeal Board is hereby reversed.