WELLINGTON FOODS, Petitioner

v.

## WORKERS' COMPENSATION APPEAL BOARD (RICE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 2004.

Decided Dec. 10, 2004.

---

Carol A. Crisci, Fort Washington, for petitioner.

Thomas F. Sacchetta, Media, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

Wellington Foods (Employer) petitions for review of the October 7, 2003, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to reinstate total disability benefits to Thomas Rice (Claimant). We affirm.

Claimant sustained a work-related injury on December 9, 1998, and pursuant to an adjudication dated October 17, 2000, Claimant received total disability benefits. As of December 7, 2000, Claimant had received 104 weeks of total disability bene-

fits. On July 23, 2001, Employer requested that Claimant undergo an impairment rating evaluation (IRE). (WCJ's Findings of Fact, No. 3.)

Claimant attended the IRE, which indicated that Claimant had a 24% impairment rating. On November 9, 2001, Employer filed a Notice of Change in Workers' Compensation Disability Status, which changed Claimant's status from total disability to partial disability. The effect was to limit Claimant's receipt of benefits to no more than 500 weeks. (WCJ's Findings of Fact, No. 4.)

Claimant filed a Petition to Reinstate his total disability benefits, alleging that Employer violated section 306(a.2)(1) of the Workers' Compensation Act (Act) [1] by failing to request the IRE within sixty days of the expiration of 104 weeks of total disability benefits, as required under that section.[2] Employer filed an answer denying the allegations of the Petition, and a hearing was held before the WCJ. (WCJ's Findings of Fact, Nos. 1–2.)

At the hearing, the parties stipulated that: (1) Claimant collected over 104 weeks of total disability benefits; (2) Employer requested the IRE more than sixty days after the 104 weeks; (3) Claimant attended the IRE; (4) the IRE showed his impairment to be less than 50%; and (5) Employer's insurer changed Claimant's status from total to partial disability. (R.R. at 12–13.) After the admission of exhibits, the following exchange occurred:

[Employer]: And there was a Supplemental Agreement, which I don't have a

1. Act of June 2, 1915, P.L. 736, *added by* section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1).

2. Because Claimant had received 104 weeks of total disability benefits as of December 7, 2000, Employer needed to request an IRE by February 5, 2001, sixty days later. *See* sec-

tion 306(a.2)(1) of the Act, 77 P.S. § 511.2(1); *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth.2003), *appeal granted*, 577 Pa. 703, 847 A.2d 59 (2004). Employer's request on July 23, 2001, was twenty-four weeks too late.

copy of. I'll have to get that from the carrier. There was a period of time the claimant did return to work for another employer.

[WCJ]: But is that relevant to these proceedings?

[Employer]: I have to check and see if it's relevant. But I'll submit it with my brief if it is.

[WCJ]: Once you send it in, I assume counsel for the claimant has no objection to including that Supplemental Agreement with [Employer's exhibit].

[Claimant]: I have no objection, Judge.

(R.R. at 14–15.) Employer did not submit a supplemental agreement with its brief. The WCJ concluded that, because Employer failed to request the IRE within sixty days after Claimant received 104 weeks of total disability benefits, Claimant is entitled to a reinstatement of total disability benefits. Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[3]

■ Employer argues that the WCAB erred in affirming the WCJ because, although Employer failed to timely request the IRE, Claimant agreed to the IRE by attending the IRE. We disagree.

Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1) (emphasis added) provides, in pertinent part, as follows:

When an employe has received total disability compensation ... for a period of one hundred four weeks, *unless otherwise agreed to,* the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

We are not persuaded that Claimant "otherwise agreed to" the IRE simply because Claimant attended the IRE. Indeed, the IRE form sent to Claimant in this case contains a "Notice to Employee," stating: "If you fail to attend the [IRE], your workers' compensation benefits may be suspended (stopped) through the decision of a[WCJ]." (R.R. at 27.) Considering that Claimant was threatened with a cessation of benefits for failure to attend the IRE, we cannot say that Claimant "otherwise agreed to" the IRE by attending the IRE.

Moreover, a three-judge panel of this court addressed a similar issue in *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 826 A.2d 28 (Pa.Cmwlth.2003). The panel held that a claimant who attends an IRE does *not* waive the right to object to the timeliness of the IRE request. The panel pointed out that a claimant *must* attend an IRE or face the possibility of having benefits suspended under the regulation at 34 Pa.Code § 123.102(h) (stating that an employee's failure to attend an IRE may result in a suspension).

■ Employer also argues that this case should be remanded to the WCJ to re-open the record and take additional evidence as to whether Claimant worked at any point during the 104 weeks he received total disability benefits. Employer asserts, without any supporting documentation, that Claimant admitted he worked five or six months during the 104–week period.[4] However, Employer did not raise

---

**3.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**4.** Employer does not provide any documentation showing when, where and under what

this issue in its petition for review; therefore, the matter is waived.[5] *Brehm v. Workers' Compensation Appeal Board (Hygienic Sanitation Company)*, 782 A.2d 1077 (Pa.Cmwlth.2001).

Accordingly, we affirm.

### ORDER

AND NOW, this 10th day of December, 2004, the order of the Workers' Compensation Appeal Board, dated October 7, 2003, is hereby affirmed.

### DISSENTING OPINION BY Judge COHN JUBELIRER.

Respectfully, I dissent.

In my view, when a claimant attends an IRE without objecting to the timeliness of the employer's request, the claimant has waived the opportunity to object afterward.

I disagree with the majority that Claimant did not waive his opportunity to argue that the IRE was untimely. If Claimant objected to attending the IRE, he should have made his objection known prior to attending. Further, although I disagree

that Claimant was "threatened with a cessation of benefits" if he failed to attend the IRE Op. at 153, I do not believe this is relevant. It is not merely his attendance at the IRE that waives the objection, but his failure to object *prior* to attending.

This situation is no different than a case where a claimant attended a vocational interview without objecting to the lack of Department approval of the expert's qualifications to conduct such an interview. That is exactly what occurred in *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 735 (Pa.Cmwlth.2003). There, a claimant attended a vocational interview as requested by the employer, who sought to modify the claimant's benefits. The claimant did not object, prior to attending, that the expert had not been one approved by the Department of Labor and Industry. In fact, his counsel stated that he had no objection to the qualifications of the expert witness. After the hearing was closed, the WCJ raised the issue in his opinion, and, based on the lack of Department approval of the expert, denied the modification petition.[1] Employer

---

circumstances Claimant made such an admission.

5. We note that Employer's remand request is based on *Wal–Mart Stores, Inc. v. Workers' Compensation Appeal Board (Rider)*, 837 A.2d 661 (Pa.Cmwlth.2003), *appeal granted,* — Pa. ——, 857 A.2d 182 (2004), which was decided after the WCAB's decision here. In *Wal–Mart Stores*, we held that, when an employer challenges an award of total disability benefits and is granted a supersedeas, the sixty-day IRE request period begins to run only after the supersedeas ends and the claimant actually receives 104 weeks of total disability benefits. However, this case does not involve a delay in the payment of total disability benefits due to a supersedeas; thus, the holding in *Wal–Mart Stores* does not apply here.

To the extent that Employer ·maintains Claimant should not have received the entire 104 weeks of total disability benefits, Employ-

er attempted to make this same argument before the WCJ. However, instead of an admission by Claimant, Employer relied on a supplemental agreement which allegedly revealed that Claimant worked during the 104-week period. As indicated above, the WCJ did not rule on the matter because Employer never submitted the supplemental agreement into evidence. It appears that, in requesting a remand here, Employer is seeking a second chance to submit evidence to support its argument.

1. In so doing, the WCJ relied on this Court's then recently filed opinion in *Caso v. Worker's Compensation Appeal Board (School District of Philadelphia)*, 790 A.2d 1078 (Pa.Cmwlth. 2002), *reversed,* 576 Pa. 287, 839 A.2d 219 (2003). In *Caso*, we had held that the Department of Labor and Industry was required to approve a vocational expert's qualifications to interview a claimant for earning capacity as-

appealed the WCJ's decision, and the Board reversed holding that the claimant, by voluntarily attending the interview, and failing to object to the admission of the expert's deposition, had waived any challenge to his credentials. On appeal, we affirmed, stating that:

> [A]n issue is waived unless it is preserved at every stage of the proceeding.... The strict doctrine of waiver applies to a workers' compensation proceeding.... The purpose of the waiver doctrine is to ensure that the WCJ is presented with all cognizable issues so that the "integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury" is preserved.

*Wheeler*, 829 A.2d at 734 (citations omitted). As in *Wheeler*, this case also involves a situation where one party, *i.e.*, Claimant, failed to raise an objection before an examination, in this case a medical examination, and then attempted to raise it afterwards. Thus, I believe the outcome as to waiver should be controlled by *Wheeler*.

I also do not agree with the majority's premise that the Claimant was coerced into attending the IRE. Board Regulation 123.102(h), 34 Pa.Code § 123.102(h), upon which the notion of coercion is based, provides that: "The employe's failure to attend the IRE under this section *may* re-

sult in a suspension of the employe's right to benefits consistent with section 314(a) of the act." (Emphasis added.) However, this regulation does not state that an employee cannot attend the IRE under protest, while objecting to the timeliness of the request. Furthermore, the regulation does not provide that a Claimant will be penalized if he petitions for a determination as to whether he needs to attend the IRE, instead of failing to attend without excuse. Indeed, a claimant who petitions would be acting to streamline procedures.

Further, I do not believe that *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 826 A.2d 28 (Pa. Cmwlth.2003), requires us to conclude that there cannot be a waiver. In *Dowhower*, the insurer's request was timely and, thus, the claimant in that case could not object and was required to attend the IRE. Because there was a timely request, any additional discussion of an untimely request was *dicta*. In that *dicta*, the Court theorized that attending an IRE would not waive a challenge to the timeliness of the request, because attendance is not voluntary, since a claimant who fails to attend the IRE is subject to possible sanction. However, this discussion did not consider that a claimant could object to the timeliness of the examination *before* attending, in order to preserve the objection in the most efficient manner possible.[2,3]

---

sessment before the employer makes its request for an interview.

2. This is similar to the requirement in the civil rules that parties must make their objections before or during depositions; otherwise, they are waived. *See* Pa. R.C.P. No. 4016(b). The Board, too, has a similar requirement for depositions, which provides, "Objections shall be made and the basis for the objections stated at the time of the taking of the depositions...." 34 Pa.Code § 131.66(b).

3. I also continue to believe that *Gardner v. Workers' Compensation Appeal Board (Genesis*

*Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth. 2003), *petition for allowance of appeal granted*, 577 Pa. 703, 847 A.2d 59 (2004), was incorrectly decided and, accordingly, under my reading of the law, there would be no timeliness issue here. *See Gardner*, (Cohn, J., dissenting), in which I set out my position that, under the Act, an insurer is not forever precluded from requesting an IRE if it fails to request one within the 60-day time period in Section 306(a.2)(1) of the Act because the Act contemplates two separate instances when an insurer can request a medical examination of

Accordingly, because Claimant attended the IRE without objection, I believe that he waived his right to later challenge the timeliness of the IRE request and I would, therefore, reverse the Board's order.

the claimant to determine the status of impairment:

> The first instance is after a claimant receives 104 weeks of disability, provided, however, the request is made within 60 days "upon the expiration of the one hundred four weeks." If an insurer requests an IRE outside the 60–day time limit, it would be precluded from changing total benefits to partial under Section 306(a.2)(1). However, I disagree with the majority that, if an insurer fails to make the request at this time, it is precluded from *ever* obtaining an IRE, a necessary step to reducing benefits from total to partial.
>
> There is also a second instance where an IRE may be requested. Under Section 306(a.2)(6), an employer may request an independent medical examination **at any time** after the injury pursuant to Section 314 "to determine the status of impairment." Section 314 allows an employer to request a physical examination **at any time** after an injury, provided a claimant is not required to undergo more than two examinations in a 12–month period; there is no indication that this broad provision is to be conditional upon an earlier request. To give effect to the broad language of Section 306(a.2)(6) of the Act, an employer must be allowed to request the medical examination at any time, and the purpose of the examination can be, *inter alia*, to reassess the impairment rating, irrespective of how long it has been since the 104 weeks, referred to in subsection (a.2)(1), have passed.

*Gardner,* 814 A.2d at 887 (Cohn, J., dissenting) (emphasis in original).