Saundra RAMSEUR, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (WACHOVIA COR-
PORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 15, 2004.

Decided Dec. 7, 2004.

Richard R. Budney, Jr., Philadelphia, for petitioner.

Audrey J. Copeland, Newtown Square, for respondent.

BEFORE: McGINLEY, Judge, JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Saundra Ramseur (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board which reversed the decision of a Workers' Compensation Judge who denied the Petition to Compel an Impairment Rating Evaluation (IRE Petition) filed by First Union Corporation—Wachovia Corporation (Employer) on the basis that request was not filed within 60 days as required by Section 306(a.2) of the Workers' Compensation Act (Act).[1]  We affirm.

Pursuant to a Notice of Compensation Payable (NCP) dated August 2, 2000, Claimant began receiving workers' compensation benefits for an injury described as "bilateral carpal tunnel" that occurred on March 3, 2000.  The NCP also indicates that payments were to begin on March 3,

1. Act of June 2, 1915, P.L. 736, *as amended,*  77 P.S. § 511.2.

2000, which is the date of the injury, and that the first check was mailed on August 3, 2000.

■ On August 27, 2002, Employer filed an IRE Petition requesting an impairment rating evaluation by an IRE physician. Claimant filed an Answer stating that Employer's request for an impairment rating evaluation is outside the time mandated by Section 306(a.2) of the Act. By decision dated April 7, 2003, the WCJ noted that the Act provides that the IRE request must be made within 60 days of the time that the claimant finishes receiving 104 weeks of total disability benefits. The WCJ concluded that because Claimant began receiving benefits on March 3, 2000, the 104 weeks expired on March 3, 2002. Because Employer made its IRE request in August of 2002, which is more than 60 days after March 3, 2002, the WCJ concluded that Employer's request was untimely. On appeal, the Board concluded that Claimant did not begin receiving benefits until the first payment was issued on August 3, 2000. Therefore, the Board concluded that Employer had 104 weeks from that date before the beginning of the 60 day period during which it could request an impairment rating evaluation. Because 104 weeks from August 3, 2000 is August 3, 2002, the Board concluded that Employer's request less than 60 days later on August 27, 2002 was timely. Accordingly, the Board reversed the decision of the WCJ in this regard. Claimant's appeal to this Court followed.[2]

Section 306(a.2)(1) of the Act provides that:

(1) When an employe *has received* total disability compensation pursuant to

clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination *which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury,* if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2 (emphasis added).

In support of her argument the IRE request was untimely, Claimant cites our decision in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth.2003), *petition for allowance of appeal granted*, 577 Pa. 703, 847 A.2d 59 (2004), which the WCJ relied upon in making his decision. In *Gardner*, the employer requested that the claimant attend an IRE. Claimant objected to the employer's request because the employer failed to make it's request within the sixty days after the 104–week period. Because of the employer's failure in this regard, we held that "Employer is precluded from seeking an IRE under section 306(a.2) of the Act in order to modify Claimant's total disability benefits to par-

---

**2.** This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

tial disability benefits based on Claimant's degree of impairment." *Id.*, 814 A.2d at 887.

In support of its contention that the IRE request was timely, Employer cites our decision in *Wal–Mart Stores, Inc. v. Workers' Compensation Appeal Board (Rider)*, 837 A.2d 661 (Pa.Cmwlth.2003), *petition for allowance of appeal granted,* —— Pa. ——, 857 A.2d 182 (2004). In that case, the claimant was granted total disability benefits on October 21, 1998. The employer filed its IRE request on December 10, 2001. The WCJ held that this request was untimely because 104 weeks after October 21, 1998 was October 21, 2000 and that, therefore, the employer had to have filed its request within sixty days, on December 20, 2000, for its request to have been timely. Employer appealed to the Board, which affirmed the WCJ's decision. On appeal to this Court, we reversed the decision of the Board. We noted that the employer appealed the WCJ's original decision granting total disability benefits and was apparently granted a supersedeas. On appeal, the Board vacated the WCJ's decision and remanded the case for further findings. On remand, the WCJ again awarded the claimant total disability benefits by decision dated November 21, 2001. Employer did not appeal this decision but instead proceeded to retroactively pay the claimant the benefits he was owed in a lump sum. Thus, the earliest date the claimant "received" his benefits was November 22, 2001 and the employer's IRE request twenty days later on December 10, 2001 was therefore timely.

■ We agree with Employer that *Wal–Mart Stores*, rather than *Gardner*, is controlling. In *Wal–Mart Stores*, we held that the day the payment of benefits is made, rather than the date of injury, is the date that a claimant "receives" benefits.

In this case, Employer acknowledged Claimant's work-related injury by issuing the NCP and further acknowledged that, although the NCP was issued in August of 2000, it was obligated to pay benefits retroactively to the date the injury occurred in March of 2000. However, Claimant did not start *receiving* her benefits until August 3, 2000, which is the day after the NCP was issued. Thus, August 3, 2000, rather than the date of the injury, is the date that Claimant started receiving her 104 weeks of benefits. Consequently, the date that pursuant to Section 306(a.2)(1) Claimant "has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks" would be August 3, 2002, which is 104 weeks after the first payment of benefits on August 3, 2000. Section 306(a.2)(1) further provides that Employer had 60 days from the expiration of the 104 weeks, which was August 3, 2002, to request an IRE. Thus, Employer's request less than 60 days later on August 27, 2002 was timely. Therefore, the Board did not err by reversing the WCJ in this regard.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, December 7, 2004, the order of the Workers' Compensation Appeal Board docketed at A03–1215 and dated March 18, 2004 is hereby AFFIRMED.