**PITTSBURGH BOARD OF EDUCATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DAVIS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 3, 2005.

Decided June 30, 2005.

David H. Dille, Pittsburgh, for petitioner.

Brian T. Kadlubek, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, J., FRIEDMAN, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Pittsburgh Board of Education (Employer) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Employer's Review Petition. We affirm.

Pursuant to a decision of a WCJ, Harry Davis (Claimant) began receiving benefits for a work-related back injury that occurred on March 21, 2000. Thereafter, Employer filed a Review Petition seeking a credit against Claimant's workers' compensation benefits based on his receipt of old age social security benefits. In his decision, the WCJ made the following relevant Findings of Fact:

2. The claimant is currently receiving Social Security old age benefits at the rate of $1,472.00 per month.

3. The claimant's entitlement to benefits was effective January, 2000. (Claimant's Exhibit–2).

4. The claimant received his first check from the Social Security Administration in May, 2000. This check was in the amount of $5,888.00, and represented benefits back to January, 2000. Therefore, the claimant received four months of benefits with that first check. (Defendant's Exhibit–E).

(WCJ's 11/13/2003 Decision, p. 1). Because the Claimant's entitlement to Social Security benefits commenced prior to the date of his work-related injury, the WCJ concluded that Employer is not entitled to any offset against those benefits. Employ-

er appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[1]

On appeal, Employer argues that the Board erred as a matter of law by affirming the decision of the WCJ denying it an offset against Claimant's workers' compensation benefits based on his receipt of Social Security old age benefits because it is entitled to a credit pursuant to the plain language of Section 204(a) of the Workers' Compensation Act (Act).[2]

Section 204(a) of the Act provides, in relevant part, that:

Fifty per centum of the benefits commonly characterized as "old age" benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall also be credited against the amount of the payments made under sections 108 and 306, except for benefits payable under section 306(c): *Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury* . . .

77 P.S. § 71(a) (emphasis added).

In this case, Claimant applied for and became eligible for Social Security old age benefits in January 2000, he suffered a work-related injury in March of 2000 and received his first check from the Social Security Administration in May of 2000 for benefits retroactive to January 2000. The question this Court must answer is whether a claimant is subject to the Section 204(a) offset when that claimant applies for and becomes entitled to receive Social Security old age benefits prior to the work-related injury but does not actually receive

---

1. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a).

his first check from the Social Security Administration until *after* the work-related injury.

Employer argues that it is entitled to a credit because the plain language of Section 204(a) provides that "the Social Security offset shall not apply if old age Social Security benefits were *received prior* to the compensable injury" (emphasis added) and in this case it is undisputed that Claimant did not actually receive payment of his social security benefits until *after* the work-related injury.

In support of its argument, Employer cites our decision in *Ramseur v. Workers' Compensation Appeal Board (Wachovia Corp.)*, 862 A.2d 749 (Pa.Cmwlth.2004). In that case, the claimant argued that the employer's request for an impairment rating evaluation (IRE) was not timely because the request was not made within 60 days of the expiration of the her receipt of 104 weeks of benefits as required by Section 306(a.2)(1) of the Act, which provides, in relevant, part, that:

> (1) When an employe *has received* total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination *which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury* ...

77 P.S. § 511.2. The basis for the claimant's argument that the IRE request was untimely was that she began "receiving" benefits on the day she was injured and thus the 104 week period began running on that day. If we would have agreed with the claimant, the employer's IRE request would have been untimely. However, we disagreed with the claimant and held that the first day the payment of

benefits was made to the claimant (the day the claimant received her first check), rather than the date of injury (which is the date the claimant became entitled to receive benefits), was the date the claimant began "receiving" benefits and thus the date the 104 week period began to run. Therefore, the employer's IRE request was timely because that request was made less than 60 days after the expiration of the 104 weeks which began running on the date the claimant received her first check. In this case, Employer argues that, as in *Ramseur*, we should interpret the term "receives" to mean the date Claimant actually received his check for social security benefits, which was in May of 2004, rather than the date he became entitled to receive those benefits, which was in January of 2004.

Claimant argues that Section 204(a) should be read in conjunction with its relevant regulation, which provides that:

> (a) Workers' compensation benefits otherwise payable shall be offset by 50% of the net amount received in Social Security (old age) benefits. The offset shall only apply to amounts which an employe receives subsequent to the work-related injury. *The offset may not apply to Social Security (old age) benefits which **commenced** prior to the work-related injury and which the employe continues to receive subsequent to the work-related injury.*

34 Pa.Code § 123.7(a). Claimant argues that his entitlement to Social Security benefits clearly commenced prior to his work-related injury and that, pursuant to Section 204(a) and 34 Pa.Code § 123.7(a), Employer is not entitled to a credit. Employer counters that the regulation, which uses the word "commenced", and the statute which, uses the word "received", are in conflict. Thus, Employer argues that the statute should prevail and that it is enti-

tled to a credit because Claimant began "receiving" his social security benefits after his injury. In the alternative, Employer argues that Claimant's social security benefits did not "commence" until he actually started receiving payment in May 2000, which is subsequent to the work-related injury, and thus, even pursuant to the regulation, it is entitled to a credit.

*Ramseur* is distinguishable from the case currently before this Court because it dealt with time limitations in the Act and specifically when certain time periods begin to run. A claimant can suffer a work-related injury and, if an employer contests the claimant's claim for benefits, the claimant may not actually start receiving benefits until they are granted much later, perhaps more than 104 weeks after the actual date of injury, by a WCJ, the Board, this Court or the Supreme Court. Thus, starting the 104 week period running on the date of the injury would not make sense. Rather, another objective period of time, i.e., the date payments are actually received by the claimant, must be used for the purposes of calculating when periods of time begin to run. However, these concerns which were present in *Ramseur* are not present in the case now before this Court. Although Claimant in this case didn't receive his check from the Social Security Administration until May 2000, it is undisputed that his first social security check included money for benefits starting in January of 2000, which is *prior* to the work-related injury. Thus, Claimant did "receive" benefits starting in January 2000, he just didn't get the check until May 2000. Claimant should not be punished because it took the Social Security Administration a couple of months to actually start sending him his benefits.

Furthermore, Section 402(a) of the Social Security Act provides, in relevant part, that:

## § 402. Old-age and survivors insurance benefit payments

(a) Old-age insurance benefits

Every individual who—

(1) is a fully insured individual (as defined in section 414(a) of this title),

(2) has attained age 62, and

(3) *has filed application for old-age insurance benefits* or was entitled to disability insurance benefits for the month preceding the month in which he attained retirement age (as defined in section 416(*l*) of this title),

shall be entitled to an old-age insurance benefit for each month, *beginning with—*

(A) in the case of an individual who has attained retirement age (as defined in section 416(*l*) of this title), *the first month in which such individual meets the criteria specified in paragraphs (1), (2), and (3)* . . .

42 U.S.C. § 402(a).

Pursuant to Section 402(a) of the Social Security Act, it is clear that one becomes entitled to social security old age benefits upon application for those benefits after attaining retirement age. Thus, in this case Claimant became entitled to his social security benefits when he applied for those benefits in January 2000 rather than the date he actually began receiving payment of those benefits in May of 2000. Because Claimant was entitled to benefits in January of 2000, he "received" those benefits prior to his work-related injury in March of 2000.

Therefore, for the reasons set forth above, Claimant is not subject to the Section 204(a) offset. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, June 30, 2005, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.