**SECCO, INC. and The PMA Insurance Group, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WORK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 2005.

Decided Nov. 17, 2005.

---

**15.** In light of our disposition, we need not address the other issues raised by Appellants.

Stephen F. Moore, Harrisburg, for petitioners.

Terence Sean McGraw, Skippack, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Secco, Inc. and the PMA Insurance Group (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed in part and reversed in part the decision of the Workers' Compensation Judge (WCJ). The decision of the WCJ granted the reinstatement petition of John Work (Claimant) but only for a limited time. As to the duration of the benefits, the Board reversed determining that Claimant was entitled to ongoing benefits. We affirm.

Claimant worked as an electrician for Employer. Claimant sustained a work-related injury to his back on December 18, 2001 for which Employer issued a notice of compensation payable. Claimant's benefits were suspended as of November 6, 2002, pursuant to a stipulation, which was approved by the WCJ. The stipulation reserved the right for Claimant to seek reinstatement as of November 9, 2002.

On December 12, 2002, Employer filed a termination petition alleging that as of November 20, 2002, Claimant had fully recovered from the work-related injury. On February 19, 2003, Employer filed a second termination petition again alleging full recovery as of February 6, 2003. On April 23, 2003, Claimant filed a petition for reinstatement of benefits effective November 18, 2002.

At the WCJ's hearing, Claimant testified that following his injury, he returned to work on several occasions at alternate duty positions. Claimant attempted to return to his time of injury position in the fall of 2002. However, on November 15, 2002 Claimant again ceased working due to his back injury.

Claimant also introduced the deposition testimony of Dr. Oliveri, who opined that due to the work injury, Claimant suffered a sprain and strain of the thoracic spine and a tear of the interspinous ligament. Dr. Oliveri removed Claimant from work on November 18, 2002. According to Dr. Oliveri Claimant has not fully recovered from his injury and is restricted to light duty work.

Dr. DiBenedetto testified on behalf of Employer. He stated that he examined Claimant on August 13, 2002 and February 6, 2003. At the time of the initial examination, Dr. DiBenedetto found Claimant to be fully recovered and recommended a graduated return to full duty work over a four week period. The transition period was necessary to avoid a new injury. At the time of the February 6, 2003 examination, Dr. DiBenedetto again concluded that Claimant had fully recovered from the work injury and determined that Claimant could return to his pre-injury job as an electrician.

Employer's controller, Babette Freund testified that she works with injured workers finding jobs within their restrictions. She testified that after receiving Dr. DiBenedetto's report of his February 6, 2003 examination of Claimant, she prepared a letter offering Claimant a position as a journeyman electrician. The letter was mailed to Claimant on Friday, February

14, 2003 and informed Claimant that he had until February 19, 2003 to accept the job offer. The certified letter was not received by Claimant until February 19, 2003. Employer also mailed to Claimant a notice of ability to return to work on February 18, 2003. The notice included the February 6, 2003 independent medical examination prepared by Dr. DiBenedetto.

Based on the above, the WCJ credited the testimony of Dr. Oliveri that Claimant was totally disabled as of November 15, 2002 and unable to perform his position. The WCJ also credited Dr. Oliveri to the extent that he testified that Claimant had not fully recovered. The WCJ further found that based on the testimony of Dr. DiBenedetto, Claimant was capable of returning to his pre-injury job as of February 14, 2003. As such, the WCJ determined that Claimant was entitled to a reinstatement of total disability benefits for the period November 15, 2002 through February 13, 2003, with benefits being suspended as of February 14, 2003 based upon the job offered by Employer.

Claimant appealed to the Board arguing that the WCJ erred in denying reinstatement of benefits for the period February 15, 2003 and ongoing because Employer failed to issue a notice of ability to return to work prior to its job offer of February 14, 2003. The Board agreed with Claimant that Employer failed to comply with the provisions of Section 306(b)(3) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(3), which provisions must be complied with in order for a modification or suspension of benefits to occur. This appeal followed.

██ In order to obtain a modification or suspension of a claimant's benefits, based upon the receipt of medical evidence, compliance with the provisions of 77 P.S. § 512(3), is a threshold burden the em-ployer must satisfy. *Allegis Group v. Workers' Compensation Appeal Board (Henry)*, 882 A.2d 1 (Pa.Cmwlth.2005). The question here is whether Employer met its burden.

██ With respect to the notice of ability to return to work, 77 P.S. § 512(3) provides:

(3) If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide prompt written notice, on a form prescribed by the department, to the claimant, which states all of the following:

(i) The nature of the employee's physical condition or change of condition.

(ii) That the employee has an obligation to look for available work.

(iii) That proof of available work opportunities may jeopardize the employee's right to receipt of ongoing benefits.

(iv) That the employee had the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

There is no dispute that Employer did in fact send a notice of availability to return to work. The problem arises in this case because the notice was not placed in the mail to Claimant until February 18, 2003, which is one day before February 19, 2003, the day which Claimant received a notice of Employer's job offer, which offer also expired on February 19, 2003. We agree with the Board, that under the circumstances in this case, the notice of ability to return to work, which was sent after the job offer, was insufficient in this case given the time constraints.

██ Namely, the purpose of 77 P.S. § 512(3) is to share new medical information about a claimant's physical capacity to work and the possible impact on existing

benefits. *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works)*, 849 A.2d 1282 (Pa.Cmwlth.2004). Here given that the notice of ability to return to work was not sent until after the letter offering Claimant a job, which offer we note expired the same day Claimant received it, Claimant was not put on notice that there was a physical change in his condition which obligated Claimant to look for available work.

Employer also argues that the Board failed to take into consideration the WCJ's finding that Claimant did not recall receiving Employer's job offer of February 19, 2003. That Claimant did in fact receive notice of the offered job is evidenced by the certified mail receipt. The issue of whether Claimant recalled receiving the job offer is irrelevant, however, to the determination of whether Employer initially met its burden of complying with 77 P.S. § 512(3).

In accordance with the above, the decision of the Board is affirmed.

### *O R D E R*

Now, November 17, 2005, the decision of the Workers' Compensation Appeal Board, in the above-captioned matter, is affirmed.