**MELMARK HOME, Petitioner**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (ROSEN-
BERG), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2007.

Decided April 2, 2008.

Edward R. Carpenter, Jr., Media, for petitioner.

Mark B. Segal, West Chester, for respondent.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.*

Melmark Home (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) to dismiss Employer's modification petition. In this

* This case was reassigned to this author on January 17, 2008.

appeal, we consider whether the WCJ and the Board erred in concluding that an employer is required by the Workers' Compensation Act[1] (Act) to issue a Notice of Ability to Return to Work form within thirty days of receiving medical evidence that the claimant is capable of performing some work.

Joan Rosenberg (Claimant) worked for Employer as a registered nurse. On November 13, 2004, Claimant sustained a work injury during an encounter with a combative resident. Employer issued a Notice of Compensation Payable describing the injury as a low back strain and providing for payment of total disability benefits in the amount of $690 per week. Reproduced Record at 1 a (R.R. ——).

On April 3, 2006, Employer filed a modification petition alleging that work within Claimant's restrictions was generally available to her as of July 15, 2005, according to a labor market survey. Claimant filed an answer denying that work was generally available that she could perform and asserting that Employer did not promptly send her a Notice of Ability to Return to Work.

A supersedeas hearing was held before the WCJ, at which time Claimant's counsel moved to dismiss Employer's petition because of its alleged failure to issue its Notice of Ability to Return to Work in a prompt manner. The WCJ granted Claimant's motion. The WCJ found that Employer issued one Notice of Ability to Return to Work on November 29, 2005, based on a report of Dr. Levin dated June 16, 2005. Employer had also submitted into evidence another Notice of Ability to Return to Work that was based upon a January 28, 2005, report of Dr. Maranzini opining that Claimant could return to work at full duty. This earlier notice did not

state a date of issuance, but it did show two stamped dates: March 9, 2005, and April 4, 2005. R.R. 3a. The WCJ made no findings about when, or if, this earlier notice was actually issued to Claimant or her counsel.

In dismissing Employer's modification petition, the WCJ relied upon Section 306(b)(3) of the Act, which provides:

> If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide *prompt written notice,* on a form prescribed by the department, to the claimant, which states all of the following:
>
> (i) The nature of the employe's physical condition or change of condition.
>
> (ii) That the employe has an obligation to look for available employment.
>
> (iii) That proof of available employment opportunities may jeopardize the employe's right to receipt of ongoing benefits.
>
> (iv) That the employe has the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

77 P.S. § 512(3) (emphasis added). Conceding that "prompt written notice" is not defined in the Act, the WCJ nevertheless decided that "prompt written notice is notice issued by the [Insurer/Employer] within thirty days (30) upon receipt of medical evidence, showing that the Claimant is able to return to work in any capacity." WCJ Decision, 7/24/06, at 2; Finding of Fact 9. Because Employer did not provide a notice to Claimant within thirty days of receiving the doctors report, the WCJ determined the notice was not prompt. Finding that Employer did not

---

1.  Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4, 2501–2626.

meet its threshold burden for pursuing a modification of benefits by giving Claimant prompt notice, the WCJ dismissed Employers petition.

■ Employer appealed, and the Board affirmed. The Board noted that under the Act, Claimants are required to complete forms within thirty days in certain situations. For example, a claimant must complete form LIBC–750, "Employee Report of Wages and Physical Condition" within thirty days of beginning employment or self-employment, and a claimant must admit or deny employment or self-employment within thirty days of receiving form LIBC–760, "Employee Verification of Employment, Self–Employment or Change in Physical Condition."[2] Therefore, the Board felt that it "appears reasonable that if a claimant has a 30 day period with

which to respond, that an employer would have a 30 day period" to provide a claimant with notice of its receipt of medical evidence that the claimant was capable of working. Board Opinion at 3. Employer now petitions for this Courts review.[3]

■ On appeal, Employer argues that the Board erred in interpreting "prompt written notice," as used in Section 306(b)(3) of the Act, to mean a notice given no later than thirty days after receipt of evidence that a claimant is capable of working. Employer points out that nothing in the Act or the case law requires that a Notice of Ability to Return to Work be issued within a prescribed time limit. If such a requirement had been intended, it would have been stated expressly in Section 306(b)(3), as it was in the other sec-

2. These thirty-day time limits are found in Section 311.1 of the Act, added by Section 6 of the Act of June 24, 1996, P.L. 350, which provides in relevant part:
   (a) If an employe files a petition seeking compensation under section 306(a) or (b) or is receiving compensation under section 306(a) or (b), the employe shall report, in writing, to the insurer the following:
   (1) If the employe has become or is employed or self-employed in any capacity.
   (2) Any wages from such employment or self-employment.
   (3) The name and address of the employer.
   (4) The amount of wages from such employment or self-employment.
   (5) The dates of such employment or self-employment.
   (6) The nature and scope of such employment or self-employment.
   (7) Any other information which is relevant in determining the entitlement to or amount of compensation.
   (b) The report referred to in clause (a) must be made as soon as possible but *no later than thirty days* after such employment or self-employment occurs.

     ❖     *     *

   (d) If an employe files a petition seeking compensation under section 306(a) or (b) or is receiving compensation under sec-

tion 306(a) or (b), the insurer may submit a verification form to the employe either by mail or in person. The form shall request verification by the employe that the employe's status regarding the entitlement to receive compensation has not changed and a notation of any changes of which the employe is aware at the time the employe completes the verification, including employment, self-employment, wages and change in physical condition....
   (e) The employe is obligated to complete accurately the verification form and return it to the insurer *within thirty days* of receipt by the employe of the form....
77 P.S. § 631.1 (emphasis added).

3. This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

tions of the Act cited by the Board. Employer further argues that in determining what constitutes "prompt notice," we must consider the purpose of providing a Notice of Ability to Return to Work, which is to make a claimant aware of medical information regarding her physical capacity to work and the possible impact on her receipt of benefits.

Claimant responds that the Board was correct. Further, Claimant notes that the November 29, 2005, Notice of Ability to Return to Work was issued over four months *after* Employer learned from Dr. Levin's report that Claimant was capable of working.

■ A Notice of Ability to Return to Work must be "prompt" in order for an employer to pursue a modification or suspension of a claimant's benefits based on earning power. *Summit Trailer Sales v. Workers' Compensation Appeal Board (Weikel)*, 795 A.2d 1082, 1088–1089 (Pa. Cmwlth.2002). We recognize that an agency's interpretation of a statute that it is charged with implementing should be afforded great weight unless it is clearly erroneous. *Hilyer v. Workers' Compensation Appeal Board (Joseph T. Pastrill, Jr. Logging)* 847 A.2d 232, 237 (Pa.Cmwlth. 2004). However, the Act does not define what constitutes "prompt" written notice, and the WCJ and the Board had no basis to declare that any notice given more than thirty days after the employer receives the relevant medical evidence violates Section 306(b)(3) of the Act.

■ The WCJ gave no reason at all for selecting thirty days as a deadline for providing prompt notice. The Board believed that it was "fair" to impose a thirty-day requirement for providing a Notice of Ability to Return to Work, because claimants have thirty days to complete forms under Section 311.1 of the Act, 77 P.S. § 631.1. However, Section 311.1 explicitly provides for a thirty-day deadline. No such strict time limit appears in Section 306(b)(3) of the Act. Instead, the legislature chose to use the word "prompt." Under Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a), a word must be construed according to its common and approved usage, and in cases where the legislature uses a general term, this Court will not impose

> a more restrictive meaning than the "common" one, when there is no indication that the General Assembly intended the word ... to be so narrowly construed.

*Macomber v. Workers' Compensation Appeal Board (Penske Transportation Services)*, 837 A.2d 1283, 1287 (Pa.Cmwlth. 2003). Further, courts have "no power to insert words into statutory provisions where the legislature has failed to supply them." *Amendola v. Civil Service Commission of Crafton Borough*, 139 Pa. Cmwlth. 76, 589 A.2d 775, 777 (1991).

As illustrated by Section 311.1 of the Act, the General Assembly is capable of stating a deadline in terms of days. However, it chose not to do so in Section 306(b)(3) of the Act, and the Board erred in inventing its thirty-day time limit. "Prompt" must be read otherwise. Indeed, Webster's Third New International Dictionary 1816 (2002) gives the following as the first part of the definition of "prompt": "ready and quick to act *as occasion demands.*" (emphasis added). Because the customary usage of "prompt" does not involve a specific number of days, we must look to the purpose of the Notice of Ability to Return to Work to determine whether the notice is prompt.

Employer directs our attention to *Secco, Inc. v. Workers' Compensation Appeal Board (Work)*, 886 A.2d 1160 (Pa.Cmwlth. 2005), wherein this Court explained that

"the purpose of [Section 306(b)(3),] 77 P.S. § 512(3) is to share new medical information about a claimant's physical capacity to work and the possible impact on existing benefits." *Id.* at 1162–1163. This is so a claimant will be "put on notice that there was a physical change in his condition which obligated Claimant to look for available work." *Id.* at 1163. In *Secco*, we determined that a Notice of Ability to Return to Work that was mailed *after* a job offer letter was sent and one day *before* the deadline for the claimant to accept the position was insufficient, *i.e.*, not prompt.[4]

*Secco* is instructive on resolving the question of what constitutes "prompt written notice." The purpose of this statutory requirement is to provide notice to a claimant that there is medical evidence that the claimant can perform some work; that benefits could be affected; and that the claimant has an obligation to look for work. A claimant must have notice that her benefits could be affected *before* the employer attempts to modify benefits. Otherwise, a modification petition would be a claimant's first notice that a doctor has found the claimant capable of work. We hold that "prompt written notice" requires an employer to give a claimant notice of the medical evidence it has received a rea-

sonable time *after* its receipt lest the report itself becomes stale. It also requires an employer to give notice to the claimant a reasonable time *before* the employer acts upon the information.[5] This necessarily requires an examination of the facts and timeline in each case to determine if the claimant has been prejudiced by the timing of the notice.[6]

In fact, the importance of examining each case separately, and the impracticality of imposing a single time limit, is demonstrated by the facts in *Secco*. There, the employer sent the Notice of Ability to Return to Work twelve days after the date of the medical report. Under the Board's new interpretation that a notice must be sent within thirty days to be "prompt," the notice given by the employer in *Secco* would be satisfactory. However, as found in *Secco*, the notice was not prompt because it prejudiced the claimant.

The rule we announce in this case is consistent with the analytical construct applied, but not expressly articulated, in *Secco*. A Notice of Ability to Return to Work issued more than thirty days after the employer's receipt of medical evidence might be prompt, whereas a Notice of Ability to Return to Work issued sooner than thirty days might not be prompt.

---

4. Specifically, the employer received a February 6, 2003, medical report; sent a job offer letter on February 14, 2003, giving the claimant until February 19, 2003, to accept the job; and mailed the Notice of Ability to Return to Work on February 18, 2003. The claimant did not receive the job offer until February 19, 2003, the same day it was set to expire.

5. Contrary to the dissent's view, we are not inserting the word "reasonable" into the language of the Act. Rather, because the word "prompt" does not refer to a specific period of time, we are interpreting it, as we must, to determine when a notice must be provided.

6. The dissent interprets "prompt written notice" to mean notice that is provided "imme-

diately" upon the employer's receipt of medical evidence, which is actually less than thirty days. This interpretation imposes an unrealistic requirement and ignores the purpose of providing a Notice of Ability to Return to Work, as explained in *Secco*. There is absolutely no reason why a claimant must be given a Notice of Ability to Return to Work immediately upon the employer's receipt of medical evidence that the claimant can perform some work, especially when the employer may choose not to do anything with the information. If the legislature had intended to require immediate written notice, it would have used the word "immediate" instead of the more general word "prompt."

Whether issuance of the notice is prompt depends not on a number of days but, rather, upon its impact upon a claimant.

In the instant case, Employer seeks a modification of benefits as of July 15, 2005, based on medical evidence that Claimant could work and a labor market survey showing her earning power. In *Secco,* notice mailed within a single day of the deadline to accept a job was found inadequate, *i.e.*, not prompt. *A fortiori*, the Notice of Ability to Return to Work issued on November 29, 2005, was untimely because it was not issued until many months *after* the date on which Employer claims that Claimant was able to work.

However, there is a remaining issue as to Employer's earlier Notice of Ability to Return to Work based on Dr. Maranzini's January 28, 2005, report. As found by the WCJ, this notice bears two date stamps: March 9, 2005, and April 4, 2005. It also shows that a copy was sent to Claimant's counsel by both regular and certified mail. More evidence and findings are needed to establish when each Notice of Ability to Return to Work was issued and whether Claimant or her counsel received this notice.

If a Notice of Ability to Return to Work was issued by Employer to Claimant on March 9, 2005, or April 4, 2005, such notice was provided within a reasonable time after Dr. Maranzini's January 28, 2005, medical report. We also conclude that notice in March or April was given reasonably in advance of the date on which Employer sought to modify her benefits, *i.e.*, July 15, 2005. Within those two or three months Claimant had time to search for employment or take other legal action. Therefore, such notice qualifies as "prompt written notice." However, it must first be determined whether, in fact, the March 9, 2005, or April 4, 2005, Notice of Ability to Return to Work was ever provided to Claimant or her counsel.

For these reasons, the Board's order is vacated and the matter is remanded to the Board with instructions to remand to the WCJ for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 2nd day of April, 2008, the order of the Workers' Compensation Appeal Board dated April 17, 2007, in the above captioned matter is hereby VACATED and the matter is REMANDED to the Board with instructions to remand to the Workers' Compensation Judge for a determination of whether the Notice of Ability to Return to Work based on Dr. Maranzini's medical opinion was provided to Claimant or her counsel. If answered in the affirmative, the Workers' Compensation Judge must also take evidence and render a decision on the merits of the modification petition.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully disagree with the majority's decision to vacate the order of the Workers' Compensation Appeal Board and to remand this matter based on the conclusion that the Board erred in interpreting the statutory requirement for an employer or insurer to provide "prompt written notice" to a claimant of receipt of medical evidence indicating that the claimant is able to return to work as requiring such notice within thirty days. In this case, one notice was issued by Employer Melmark Home on November 29, 2005 based upon a doctor's report dated June 16, 2005. An earlier report of another doctor is dated January 28, 2005, and, although that report bears stamped dates of March 9, 2005 and April 4, 2005, the evidence of record is

insufficient to determine whether it was received by Claimant Joan Rosenberg or her counsel on either of those dates.

The Board did not exceed its authority in interpreting the statutory requirement that appears in Section 306(b)(3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(3), which provides: "If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide *prompt written notice*, on a form prescribed by the department, to the claimant...." (Emphasis added.) The notice must state (i) the nature of the employee's physical condition or change of condition; (ii) that the employee has an obligation to look for available employment; (iii) that proof of available employment opportunities might jeopardize the employee's right to ongoing benefits; and (iv) that the employee has the right to consult with an attorney in order to obtain evidence to challenge the employer's contentions.

The Workers' Compensation Judge (WCJ) observed that the phrase "prompt written notice" is not defined in the Act, and he concluded that such notice must be mailed within thirty days. This Court held in *Summit Trailer Sales v. Workers' Compensation Appeal Board (Weikel)*, 795 A.2d 1082 (Pa.Cmwlth.2002), that providing prompt written notice of the ability to return to work after receipt of medical evidence is a "threshold burden" that an employer must meet to obtain modification or suspension of benefits. The WCJ concluded that Employer had not met that burden. The Board concluded that, without other guidance in the Act or in case law, the WCJ's determination was correct. It noted that a claimant must complete and submit a form within thirty days of beginning employment or self-employment and that another form requires a claimant to admit or deny employment or self-employment within thirty days of receipt, and it concluded that it was reasonable to require an employer to respond in thirty days as well.

First, the majority agrees that the Act does not define "prompt written notice" but concludes that the WCJ and the Board had no basis in the Act to declare that notice given more than thirty days after receipt is not prompt. This approach, however, fails to give due deference to the Board in its interpretation of the statute that it is charged to enforce. In *Tool Sales & Serv. Co., Inc. v. Board of Finance and Revenue*, 536 Pa. 10, 22, 637 A.2d 607, 613 (1993) (citation omitted), the Supreme Court stated: "It is a well established principle of administrative law that agencies are entitled to deference in interpreting the statutes they enforce.... Other courts in this Commonwealth have held that an administrative agency's interpretation should be overturned or disregarded only for cogent reasons or where it is 'clearly erroneous'." Similarly, this Court has held: "The agency's interpretation of its statute may not be disregarded by this Court unless it is clearly erroneous or is inconsistent with the intent or purpose of the statute." *Martin Media v. Department of Transportation*, 700 A.2d 563, 566 (Pa.Cmwlth.1997). The Act on its face does not mention thirty days as the limit for "prompt written notice," but that phrase must have some meaning, and the agency's interpretation is not clearly erroneous or inconsistent with the intent or purpose of the statute.

Assuming *arguendo* that the interpretation of "prompt written notice" by the WCJ and the Board is erroneous, I disagree with the majority's open-ended interpretation of that provision. As the majority notes, under Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.

C.S. § 1903(a), unless words or phrases are technical words and phrases or have acquired a peculiar and appropriate meaning or are defined in the Statutory Construction Act, they "shall be construed according to rules of grammar and according to their common and approved usage...." *See also Educational Mgmt. Servs., Inc. v. Department of Education,* 931 A.2d 820 (Pa.Cmwlth.2007).

Pursuant to Webster's Third New International Dictionary 1816 (2002), "prompt" as an adjective means:

> 1: ready and quick to act as occasion demands: responding instantly: ALERT <~ to retort to insults> <~in obedience> 2: performed readily or immediately: given without delay or hesitation <~ assistance> <~ decisions> <~ payment of bills> <~ delivery of goods>....

Thus "prompt written notice" in accordance with common usage would imply notice that is immediate and without hesitation, in other words, notice provided in well under thirty days.[1] The majority interprets "prompt written notice" in Section 306(b)(3) to be notice of the medical evidence of a claimant's ability to return to work that is given within a reasonable time after an employer receives the evidence and a reasonable time before the employer acts upon the evidence. Using this standard, the majority remands for a determination of whether Employer's notice based on Dr. Maranzini's report dated January 28, 2005 was received March 9 or April 4, 2005, and the majority pronounces that such notice was provided within a reasonable time after the doctor's January 2005 report. The majority then concludes that notice in March or April was provided in a reasonable time before Employer acted on the report and therefore constituted "prompt written notice."

The majority is doing the same thing that it accuses the WCJ and the Board of doing, namely, supplying text to the statutory provision. The majority's interpretation is that an employer must provide "reasonable written notice," but this is not the same as "prompt written notice." Under the majority's approach notice issued April 4 based upon a medical report received by Employer on January 28, that is, more than two months earlier, is "prompt written notice." It is obvious that had the majority properly accorded the word "prompt" its common and approved usage pursuant to the standard dictionary definition, as required by Section 1903(a) of the Statutory Construction Act, it would affirm.[2] Accordingly, I dissent.

---

**1.** The majority's limited quotation of the definition of "prompt" arguably loses the flavor of the full definition. In any event, in the present context the "occasion" in the phrase "quick to act as occasion demands" obviously is employer's receipt of a medical report. I do not suggest that employer's notice must be "immediate," but consideration of the full definition certainly indicates that "prompt" notice should be given sooner rather than later.

**2.** The majority states that it is not inserting "reasonable" into the language of the statute, but I disagree. Under the majority's interpretation notice provided more than two months after employer's receipt of a medical report may be deemed "prompt" if it is a reasonable time before the employer acts on the report. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), provides in part: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." I do not believe that the General As-

sembly intended "prompt" notice to apply to notice provided more than two months after

receipt.