**[J-90-2016] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| MICHAEL C. DUFFEY, | : | No. 4 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1840 CD |
| | : | 2014 dated June 26, 2015 Affirming the |
| v. | : | decision of the Workers' Compensation |
| | : | Appeal Board at Nos. A13-0229 and |
| | : | A13-1158 dated September 16, 2014. |
| WORKERS' COMPENSATION APPEAL | : | |
| BOARD (TROLA-DYNE, INC.), | : | ARGUED:  September 14, 2016 |
| | : | |
| Appellees | : | |

## DISSENTING OPINION

**JUSTICE BAER**                                    **DECIDED:  January 19, 2017**

As noted by the majority, Michael Duffey, Claimant herein, did not focus his argument on the issue addressed by the majority, namely, whether Bruce E. Sicilia, M.D., "the Physician-Evaluator" conducting the IRE, was obligated to evaluate Claimant's PTSD/adjustment disorder as an impairment arising from the compensable injury set forth in the NCP.  Majority Opinion at 3 n.5.  Rather, "it was Claimant's position that the Physician-Evaluator had failed to rate the full range of work-related injuries, since Claimant suffered from adjustment disorder with depressed mood and chronic post-traumatic stress disorder as a result of his work injury."  Id. at 3.  Nevertheless, the majority finds that the issue argued by Claimant sufficiently subsumes the analysis conducted by the majority.  Specifically, the majority holds that a physician must consider the causal relationship between the compensable injury and any impairment articulated by a claimant at the IRE, and fully evaluate those impairments as

part of the IRE examination. The majority's departure from the issue as expressed by Claimant is problematic for several reasons.

First, Claimant has never posited that his PTSD/adjustment disorder derived in any way from his accepted compensable work-related injury set forth in the NCP, *i.e.*, his hand injury. To the contrary, it has been Claimant's position throughout all of the prior proceedings that the PTSD and adjustment disorder are independent injuries that, like his hand injury, derived directly from being electrocuted at work. Indeed, it seems obvious that the PTSD and adjustment disorder do not derive from claimant's hand injury but, if compensable, are a result of being electrocuted. The majority takes the view that, regardless, the Physician-Evaluator conducting the IRE must independently evaluate any mentioned impairment a claimant makes at the examination and consider the causal relationship between the impairment and the compensable injury in the NCP. Majority Opinion at 9. Thus, even in a case like this, where the Claimant himself does not purport that the impairment he is expressing, PTSD/adjustment disorder, is related to his accepted hand injury, if the physician fails to evaluate those conditions, then the IRE is to be disregarded by the WCJ. Id. at 11.

Second, by addressing the issue that was raised by Claimant in a way that was not fully briefed and argued by the parties, the majority has altered the structure of how IRE proceedings will take place without input regarding the full ramifications that will result from such alteration. In my mind, the Court's holding will undermine the IRE process in general and permit claimants easily to invalidate otherwise fair IRE proceedings by simply expressing new physical and/or psychological conditions unknown to the employer, even ones that clearly were not derived from the injury set forth in the NCP. The claimant's mere expression will trigger an obligation on the part of the physician to evaluate these conditions, regardless of the injuries accepted as

compensable, or risk having the IRE declared a nullity.[1] This obligation will inject uncertainty and inefficiency into the IRE process, which is contrary to the goals of the legislature in enacting this legislation.

Specifically, pursuant to Section 306(a.2)(1) of the Workers' Compensation Act, 77 P.S. §511.2(1), when an employee has received total disability compensation for 104 weeks, unless otherwise agreed to, the employee will be required to submit to a medical examination (the IRE) for the purpose of determining the degree of impairment due to the compensable injury, if any. A duly rendered impairment rating is automatically effective if the employer/insurer requested the examination within 60 days after the expiration of the 104–week period prescribed by the statute. If such a determination results in an impairment rating that is equal to or greater than fifty percent impairment, then the employee will be presumed to be totally disabled and will continue to receive total disability compensation benefits. However, if such determination results in an impairment rating of less than fifty percent, then the employee will then receive partial disability benefits after proper notice.

An employer has only one opportunity under the Act to utilize the self-executing change; if employer requests an IRE beyond that short window, then employer must file a modification petition and litigate the requested change in disability status. Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures), 888 A.2d 758, 767–68 (Pa. 2005). The IRE procedure "was part of the General Assembly's 1996 reform

---

[1] The majority responds to Justice Wecht's similar observation in dissent, that physician evaluators must now consider any condition hinted at by a claimant by noting that this ignores the statutory causation requirement that the impairment be "due to" the compensable injury. Majority Opinion at 17. It seems to me, however, that the majority has ignored this very requirement where, as here, there is no allegation that the articulated impairment is "due to" the compensable injury; rather, Claimant alleges the impairment is due to the work incident.

effort intended to reduce rising Workers' Compensation costs and restore efficiency to the Workers' Compensation system." Hilyer v. Workers' Compensation Appeal Board (Joseph T. Pastrill, Jr. Logging), 847 A.2d 232, 235 (Pa. Cmwlth. Ct. 2004).

Here, Employer requested the IRE within the 60 day window provided by subsection 306(a.2), which authorizes employers to issue the self-executing change of disability resulting from an IRE that establishes an impairment rating of less than fifty percent. 77 P.S. § 511.2(1), (2). Employer specified that the Physician-Evaluator should determine the percentage of impairment from Claimant's hand injury, the only injury arising from the work incident accepted and set forth in the NCP. Although Claimant indicated at the time of the IRE that he suffered impairments from other work-related injuries arising from the work incident, I believe the physician properly limited his evaluation to the impairments associated with the compensable injury set forth in the NCP. As said, to hold otherwise is to subject the IRE process to chicanery having the potential to render it useless. Thus, I dissent and would affirm the Commonwealth Court's decision.